Chief Justice Robertson
delivered the Opinion of the Cotirt.
In 1831, William Boon sued Nelson’s heirs, on a bond Tor money, which had been given, in 1806, by the ancestor of the defendants, to the plaintiff, for property which the plaintiff, as executor of his deceased father, had sold, and the ancestor of the defendants had bought.
*392 The defendants pleaded payment, and, for proof,. lied altogether on tho presumption arising from the lapse 6f. time.
To repel that presumption, by proving anaeknowledgment within less than twenty jTcars, and other facts, the plaintiff offered as a witness on the trial, his brother, who is one of. the distributees of his deceased father’s estate, and who had released nil his interest ¡herein to the plaintiff. But the circuit court, being of the opinion, that the witness was incompetent, would hot permit him to testify ; and thereupon verdict and judgment were rendered in favor of the defendants.
We cannot concur with the circuit court. The release divested the witness of all interest in the event of the suit.
But under the peculiar circumstances of this case, had there been no release, the ground of his supposed incompetency is not perceived. The bond is the individual property of the plaintiff; 51ml, though the consideration came from the estate of his testator, a judgment on the issue, in bar of his action on the bond, would not exonerate him from liability to the distributees for the amouut of it, but would rather fix that responsibility more certainly.
A judgment in this case, against the plaintiff, could not increase the liability of the witness to creditors of his father ; because he would be liable only for what he had received. We are therefore of the opinion, that the witness is competent.
We are, also, of the opinion, that the circuit court did not err in setting aside a former verdict for the defendants, because the record furnishes no. sufficient ground for complaining of that decision.
Wherefore, the judgment must be reversed, and the cause remanded for a new trial.